UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AMERICAN GENERAL LIFE INSURANCE COMPANY,

    Plaintiff,

v.

WOUNDED WARRIOR PROJECT, INC, and ALMAVALEZ DE LOS SANTOS,

    Defendants,
_____/

Case No. 3:21-cv-564-MMH-MCR

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on the Amended Joint Motion for Final Judgment of Discharge and Disbursement of Interpleaded Funds (Doc. 26), filed by American General Life Insurance Company ("American General") and interpleader Defendant Wounded Warrior Project, Inc. ("Wounded Warrior"), For the reasons stated herein, it is respectfully **RECOMMENDED** that the Motion be **GRANTED**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

## I. Background

On June 1, 2021, American General filed a Complaint for Interpleader Relief as the holder of funds pursuant to an annuity contract with a death benefit in the name of Dr. Iluminada L. Arenas (the "Decedent"). (Doc. 1). The annuity was valued at $503,632.61 as of May 28, 2021, as alleged in the Complaint. (Doc. 1, ¶ 17). By October 29, 2021, the funds had grown to $509,829.06, and American General deposited this amount into the Court's registry. (Doc. 22).

According to the Complaint, as of March 2, 2009, Defendant Almavelez Abnazaldo de los Santos was the primary beneficiary of the annuity with no contingent beneficiaries. However, sometime on or before November 6, 2012, Plaintiff American General received a request from the Decedent, dated October 29, 2012, to change the beneficiary of the annuity to Defendant Wounded Warrior. Plaintiff American General confirmed receipt of the request by letter on November 6, 2012. (Doc. 1-6.) On May 24, 2019, Plaintiff American General was notified of the Decedent's death. On July 25, 2019, American General acknowledged receipt of the annuity claimant statement submitted by Defendant de los Santos, but notified her that it could not process her request because, based on its records, she was not the beneficiary of the annuity. (Doc.1-7.) On October 26, 2020, Defendant Wounded Warrior

submitted a claim to the annuity death benefit. (Doc. 1-8.) The Complaint was subsequently filed by Plaintiff.

Defendant de los Santos is a citizen and resident of the Philippines. She was served pursuant to the Hague Convention on the Service Abroad of Judicial Extrajudicial Documents and proof of service was filed by Plaintiff on September 30, 2021 (Doc. 19). On November 16, 2021, Defendant Wounded Warrior moved for default (Doc. 20) which was granted on November 17, 2021 (Doc. 21). Ms. de los Santos has not appeared since in any capacity. The appearing parties filed the Motion as described above, seeking disbursement of the funds to Wounded Warrior and discharge for American General. The Motion was referred to the undersigned for a report and recommendation as to the appropriate resolution of the Motion.

## II. Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. *See* Fed.R.Civ.P. 55(a). Second, after receiving the clerk's default, the plaintiff must apply to the court for a default judgment, except in limited circumstances when application may be made to the clerk. *See* Fed.R.Civ.P. 55(b). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such

3

circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of default, but before entering a default judgment, the court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Com. Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002). A sufficient basis must exist in the pleadings for the judgment entered. *See Nishimatsu*, 515 F.2d at 1206. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *See id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief. *See* Fed.R.Civ.P. 8(a). A complaint meets the requirements of Rule 8, if in light of the nature of the action, the complaint provides factual allegations, which are assumed to be

4

true, sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

Further, "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam).

> Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000. . . . Absent diversity of citizenship, a plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction.

*Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. 2010) (per curiam) (internal quotation marks omitted).

In addition to the requirements of Rule 55, the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 *et seq.* provides in relevant part that in civil actions, "the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit— (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (B) if the plaintiff is unable to determine whether or not the

5

defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service." 50 U.S. Code § 3931(b)(1).  If the defendant's military status is not ascertained by affidavit, "the court, before entering judgment, may require the plaintiff to file a bond in an amount approved by the court."  50 U.S. Code § 3931(b)(3).

## III. Discussion

First, because American General brings this action under the federal interpleader statute, and the parties are diverse with an amount in controversy greater than $500.00, the Court has subject-matter jurisdiction. *See* 28 U.S.C. § 1335; 28 U.S.C. § 1332(a)(1).  Next, although Ms. de los Santos was served, she has failed to plead or otherwise defend this suit, which resulted in entry of default by the Clerk.  Additionally, there is no allegation or evidence she is a minor or incompetent, and is thus presumed *sui juris*.  *Collins v. Streitz*, 95 F.2d 430, 438 (9th Cir. 1938).  No party has sought an accounting, and the amount deposited as interpleaded funds is an amount certain.  There is no controversy over the truth of any allegation.  Thus, the requirements of Rule 55 are met.

Turning to the requirements of Rule 8, the undersigned finds that the Complaint is sufficient to raise a right to relief above the speculative level.  Here, the Complaint indicates American General was in possession of $503,632.61, and that Defendants Wounded Warrior and Ms. de los Santos

6

may be entitled to receipt of such funds. The Complaint and the exhibits attached thereto further outline the chronology of when Wounded Warrior became the sole primary beneficiary of the Policy. Thus, the requirements of Rule 8 have been met.

The requirements of the Servicemembers Civil Relief Act are also met. In this case, both parties filed a joint motion for default judgment, which included an affidavit regarding military service of Defendant de los Santos. (Doc 26-1). The affidavit was executed by counsel for Wounded Warrior, and lays out the facts that Ms. de los Santos is not in military service. No record of military service was provided by the National Personal Records Center in response to a records request. Further, Ms. de los Santos has no record in the Transunion database that would provide her birthdate or social security number. The Servicemembers Civil Relief Act Website provides no record of military service, and will not display a result in the absence of a birthdate or Social Security Number.

Defendant Wounded Warrior contends that these facts are sufficient to establish Ms. de los Santos is not in the military. If Ms. de los Santos had been a member of the military, a record would have been provided by the National Personal Records Center. If Ms. de los Santos had ever joined the US armed forces, she would have had a record in the Transunion database, because she necessarily would have been issued a Social Security Number

7

which would have appeared in that database. The requirement for the affidavit is merely that an inquiry be made, and that the defendant is not in the military. *Branch Banking & Tr. Co. v. Chalifoux Bus. Park, L.L.C.*, 615CV2005ORL31TBS, 2016 WL 1238746, at *2 (M.D. Fla. Mar. 10, 2016), report and recommendation adopted, 615CV2005ORL31TBS, 2016 WL 1242552 (M.D. Fla. Mar. 29, 2016) ("The process server's affidavit testimony that he inquired, and the individual Defendants are not in the military service is, in my view, sufficient to meet the requirements of the Servicemembers Civil Relief Act, 50 U.S.C. § 3931."). The affidavit in this case is sufficient to meet the requirements of the Servicemembers Civil Relief Act.

To the extent these facts do not establish Ms. de los Santos's military status, the remedy is that the Court "may require the plaintiff to file a bond in an amount approved by the court." 50 U.S. Code § 3931(b)(3). However, such a bond is not required in every case. *See Florida Gas Transmission Co., v. +/- 0.346 Acres of Land in Columbia Cnty., Fla,* 3:21-CV-272-BJD-LLL, 2022 WL 376389, at *2 (M.D. Fla. Feb. 8, 2022) ("Here, because FGT's payment of compensation meets the appraised value and is subject to apportionment, the Court finds it unnecessary to require FGT to post a bond."). The purpose of the bond is to "to indemnify the defendant against any loss or damage the defendant may suffer by reason of any judgment for

8

the plaintiff against the defendant, should the judgment be set aside in whole or in part." 50 U.S. Code § 3931(b)(3).  Plaintiff American General has not sought damages against Defendant de los Santos in this interpleader case, and there is no need for a bond.

In sum, the Complaint plausibly alleges a cause of action and was answered by Defendant Wounded Warrior.  The appearing parties agreed they would bear their own attorney's fees and costs, and there is no dispute as to the amount of the funds at issue.  Wounded Warrior has alleged it is prejudiced by further delay.  Therefore, default judgment in this case should be granted, and it is not recommended Plaintiff American General be required to file a bond.

Accordingly, it is respectfully **RECOMMENDED** that:

1.  The Motion (**Doc. 26**) be **GRANTED**.

2.  American General be **DISMISSED with prejudice** from this action and **DISCHARGED** from any and all liability to Wounded Warrior Project, Inc. and Almavelez de los Santos, and to any person, firm, estate, corporation, or entity on account of or in any way related to Traditional IRA annuity contract number XXXX5011 purchased by Iluminada L. Arenas and/or related to the handling or processing of any claims made under Traditional IRA annuity contract number XXXX5011 purchased by Iluminada L. Arenas.

3. Wounded Warrior Project, Inc. and Almavalez de los Santos and each of their respective attorneys, representatives, successors, assigns, and heirs be permanently **ENJOINED** from instituting or prosecuting against American General any proceeding in any state or United States Court or administrative tribunal relating to the benefits due under Traditional IRA annuity contract number XXXX5011 purchased by Iluminada L. Arenas and the interpleader funds.

4. The Clerk of the Court be directed to enter **FINAL JUDGMENT** in favor of Defendant Wounded Warrior Project, Inc., and pay the funds deposited into the Court's registry, along with any interest, to Wounded Warrior Project, Inc., and close the file.

5. Each party bear its own attorney's fees and costs.

**DONE AND ENTERED** at Jacksonville, Florida on May 4, 2022.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Defendant Almavalez de los Santos